The trespass was committed on the two small tracts last described, viz., the 45-acre and the 50-acre patent, which the defendant, who is heir at law to McSwain, the bargainor, contends were not conveyed to Ellison, but were excepted. The dwelling-house, orchard, and graveyard are in the 45-acre tract; but McSwain had a part of each tract in cultivation when he conveyed to Ellison.
The jury, under the charge of the court, found a verdict for the defendant, and the plaintiff, upon his motion for a new trial being overruled, appealed to this Court.
The case was submitted.
I have no doubt that the plaintiff derived title to all three of the tracts of land under the deed to Ellison. Had the exception of the graveyard been connected with the part of deed describing the 45acre tract, no difficulty could have arisen as to the true construction; for it would then have corresponded with the office of an exception, and have been a saving out of the deed as to the thing granted. The ambiguity seems to have arisen from McSwain's supposing that the graveyard belonged to the 200-acre tract; he seems also to have thought that the plantation and orchard were on the same tract; the houses, too, he conveys as part of the 200-acre tract, but afterwards describes them as belonging to the 45-acre tract. It is decisive that the 45-acre tract was granted, and not intended to be excepted; that McSwain describes it as *Page 437 
lying in front of the 200-acre tract. This repels every supposition that he might have thought it part of the other tract, and have believed it necessary to guard against its passing by inserting an exception. It not only could not pass by the words conveying the first tract, (607) but it is impossible that McSwain could have entertained such a belief. It was, therefore, altogether idle to have excepted it or the 50-acre tract. Upon the ground of intention, therefore, I think the two small tracts were conveyed as well as the large one.
But even if McSwain had intended to reserve the two small tracts, I think it may well be doubted whether the exceptions expressed as they are, would not have been void. He conveys the houses, plantation, and orchard in the most express terms in describing the 200-acre tract. The houses and orchard, it appears, are not on that tract, but on the 45-acre one; but the plantation is on all three. The exception, then, if it were to be sustained, would go, as to the houses and orchard, to the whole thing granted. What proportion of the plantation is in the two small tracts does not appear. Now, it is a clear rule of law that if an exception is repugnant to the grant, and take away the fruit of it, it is void. If one grant his meadow and pasture lands, except his meadow lands, the exception is void. So if one grant two acres, excepting one of them, it is void. Shepp. Touch., 77.
I therefore think there ought to be a new trial.